This civilian pay case comes before the court on the parties’ cross-motions for summary judgment. By this action, plaintiff seeks review of a decision by the Federal Employee Appeals Authority (FEAA)[1] upholding his termination from a government position. Plaintiff contends that the decision of the FEAA was arbitrary, capricious, and unsupported by substantial evidence, and that the penalty of termination was excessively harsh for the deficiencies cited. Defendant argues the opposite. We hold for the government.
Plaintiff was a career, non-probationary employee, working as a bookstore clerk, GS-5, for the Government Printing Office Bookstore in Los Angeles, California. His history of trouble with the agency began in 1971, when he was charged with misconduct in the performance of his duties and removed from his position. This action was reversed in 1973 by the Civil Service Commission (CSC) Board of Appeals and Review, which ordered plaintiff reinstated.
On September 28, 1976, plaintiff was issued a miscellaneous assortment of charges relating to infractions of rules, behavior and attitude.[2] Plaintiff filed a timely written response to the notice, but the charges were sustained and he was terminated on November 11, 1976. Plaintiff appealed this action to the FEAA, which held two days of hearings and ultimtely sustained the termination. The CSC Appeals Review Board (ARB) refused to reopen the FEAA decision. Plaintiff then filed suit for review of the Board determination in federal district court. The suit was transferred by stipulation to this court because the amount *770 in controversy exceeded the district court’s $10,000 Tucker Act jurisdiction. 28 U.S.C. § 1346(a) (1976 & Supp. III 1979).
This court’s scope of review in civilian pay cases is well settled. We will review agency action to determine whether procedural requirements have been complied with and whether the action was arbitrary and capricious, an abuse of discretion, contrary to law, or unsupported by substantial evidence in the record before it. Summers v. United States, 227 Ct. Cl. 353, 648 F.2d 1324 (1981); Boyle v. United States, 207 Ct. Cl. 27, 515 F.2d 1397 (1975). Furthermore, the good faith of those taking administrative actions is presumed. Grover v. United States, 200 Ct. Cl. 337 (1973).
Plaintiff in the instant case has challenged the substan-tiality of the evidence supporting his termination by the agency. In addition, he asserts that his penalty was overly severe given the nature of the alleged misconduct. After a thorough examination of the evidence before the court and the administrative agency, however, we cannot say that the FEAA abused its discretion in sustaining plaintiffs termination. The decision is supported by substantial testimony and evidence offered during the hearing before the FEAA. See Poschl v. United States, 206 Ct. Cl. 672 (1975); Grover, supra; Jacobowitz v. United States, 191 Ct. Cl. 444, 424 F2d. 555 (1970). As it did in its 1973 determination, the ARB then gave careful consideration to all the evidence presented; it refused, however, to reopen the FEAA decision. We likewise find that the ARB did not abuse its discretion in refusing to disturb the agency’s action on the basis of the evidence before it. Giles v. United States, 213 Ct. Cl. 602, 553 F.2d 647 (1977). We therefore affirm the Board decision.
Accordingly, it is therefore ordered, after consideration of the submissions of the parties, with oral argument of counsel, that plaintiffs motion for summary judgment is denied. Defendant’s motion for summary judgment is granted. Plaintiffs petition is dismissed.

 Because administrative proceedings were initiated prior to the Civil Service Reform Act of 1978, the action in this case was brought before the FEAA, the predecessor of the present Merit Systems Protection Board.

 Four prior infractions, which had resulted in one warning letter and three verbal warnings, were also incorporated into the removal action to show that removal was an appropriate penalty.